Ladies and gentlemen, please rise. This court is now in session. Please be seated. Thank you. Court, call the next case, please. Mr. Muhammad, you may proceed. If you will, just come right up here. Yes, you may come right up here. And before you begin, there was a motion by the Affilies Attorneys for division of time, and I believe you were given that division of time pursuant to our grant of that motion. Okay? Very good. You may proceed, sir. Good morning, Your Honor. May I please the court? Yes. I am Abdul Muhammad, plaintiff operant in this court case. I have addressed every nook and corner of this case, so I requested this oral argument only to answer questions, if the court has any questions. Other than that, I am resting on my pleadings. I will make a rebuttal, if required. Okay. Very good. So you only are here, you are resting on your brief and argument in written form, and you're just asking whether our court has any questions for you on your case. Is that correct? Yes. And I will make a rebuttal, if required. Well, you will also have time in reply, five minutes in reply. Yes. So at this time, are there any questions from the court? I don't have any. I have no questions. No questions. Thank you. I have no questions. I can go back? Yes, you can, and you will have time in reply to their presentation. Thank you, sir. Yes. Okay. Mr. Kolodzad, you may respond. Thank you, Your Honor. May it please the court, Stephen Kolodzad on behalf of Defendants Appellees. I'm here to address the jurisdictional issues raised by our motion to dismiss pertaining to the arguments raised by the plaintiff with respect to the permanent injunction orders and the sanction orders. The court took that motion with the case. The plaintiff filed a response to that motion. It's primarily that that I wish to address. The plaintiff made an argument that Rule 606, Supreme Court Rule 606, allowed him to file a late notice of appeal, that he wasn't properly advised of his right to appeal by the trial court. Those are patented erroneous arguments. This is a civil appeal, not a criminal appeal. It's governed by Rule 303. Plaintiff was represented in the trial court by Marco Rodriguez, who has never filed a motion to withdraw, by the way. So he had the advice of counsel at all times. He filed a notice of appeal in the appellate court of the dismissal order, the June 2, 2021 dismissal order. He filed that while he was represented by Mr. Rodriguez. The court then, the appellate court before it was transferred here, the second district, denied that motion, ruling that the notice of appeal was premature and would take effect with the filing of the last order addressing the collateral issues of the motion for permanent injunction and for sanctions. Mr. Mohamed was still represented by Mr. Rodriguez at that point. When the trial judge entered his orders on August 5 and August 6, it was incumbent upon the appellant, pursuant to Rule 303B, to file an amended or a new notice of appeal, specifically designating those orders, the August 5 and August 6, 2021 injunction and sanctions orders, if he wished to challenge them. And he did not do so. That is undisputed in this case. And accordingly, this court does not have jurisdiction to consider his challenges of those two orders. All that's before the court properly, pursuant to his notice of appeal, the only order that was designated in that appeal was the June 2, 2021 order of dismissal, pursuant to Sections 2619 and 2615. If the court has no questions, I'll yield the balance of my time. Any questions? No, we have no questions. Thank you, sir. Mr. O'Brien? Good morning. Good morning, Mr. O'Brien. Cary O'Brien, Curry State Legal Services, on behalf of Farm and Latino. Mr. O'Brien, before you begin, you can infer that we responded to the Division of Time motion, okay? Mr. Muhammad raised an issue regarding entry of appearance, basically. And I just want to advise you that we are finding that you have an entry of appearance only because your case was transferred from the 2nd District. And the 2nd District accepted that entry of appearance. Now, maybe the practice and custom of Prairie State Legal Services and the acceptance by their clerk up there of your entry of what you call an entry of appearance, which is a certification of an infancy, okay, which was filed. I would refer you to the proper entry of appearances that we consider proper in the 3rd District filed by your co-counsel as formal entries of appearance. Because it was accepted, this case on transfer jurisdiction was accepted from the 2nd District. But as the future DuPage County is in the 3rd District, and it has to, for acceptance, a more formal entry of appearance separate procedure. So I'm just cautioning you on that in future practice for Prairie State Legal Services particularly. I will let them know. Okay, very good. You may proceed. Judge, are we to, are going to rest on our briefs at this time here to answer any questions you have? There's many issues in this case. I couldn't cover them all in the time allotted. So I thought we did a comprehensive address of the issues on the briefs. So you're wishing for, only for the court to ask you questions at this time? Yes. Okay. I'll ask the court, any questions? No questions. Questions? No. No, we do not. We will refer for this appeal to your written brief. Thank you. Thank you. Mr. Luecke? Luecke, sir. Luecke. I'm not doing too well this morning on pronunciations. I'd be surprised if you pronounced it right, sir. Good morning. Matthew Luecke for Defendant I.C. DVP, and I'll be brief. First, I.C. DVP, the count against it was dismissed by plaintiff's counsel in the trial court. And then the attorneys at the time for I.C. DVP filed a motion to dismiss based upon that. Those documents are contained in the record on appeal. Plaintiff has never sought to reverse the dismissal. In his reply brief, Mr. Muhammad says that the attorney did it without permission or his knowledge, but that is not or should not be an issue for the court's determination. The attorney was acting as his agent. He did it. Mr. Muhammad was present in court on many occasions. Second, I.C. DVP was not named until this 2019 suit. But even so, the doctrines of collateral estoppel and rejudicata apply, as argued in the briefs. And with that, I will accept questions. I don't have very much prepared to argue, so I'll accept questions from the court. Questions, sir? No. The court has no questions. I'll take my time. Thank you. Mr. Muhammad, you have five minutes in reply. Okay. Thank you, Your Honor. I just want to touch upon Mr. Koladze's argument on the motion to dismiss. I only retained my attorney for the trial court case. I did not retain him for the appeal. Next is, he says there is no jurisdiction for the matters after the June 2nd order. Second district clearly stated in the order which dismissed their motion that the appeal will come into effect at the entry of the last order, which was August 6th. So it is no fault of me that I did not file a second notice of motion or late notice of motion because the second district said the notice of appeal which I filed is enough and the notice of appeal will take effect on the date of the last order. Anyhow, I also filed another notice of appeal which is documented in this court as 3-22-81. So that is also pending. I don't think there is any need of dismissing the matters which they are asking because second district has already dismissed their motion to dismiss the matters after June 2nd. And I also cited an authority where the notice of appeal was not filed due to an error from the clerk of the court or the court and the court granted a late notice of appeal even after 30 days or whatever it is. So you have jurisdiction to rule on those matters. Even if you don't do, I have another appeal which is documented as 3-22-81. So that's what I have to address. And one more issue is I did not receive ICDVP Inc.'s reply brief until 24th August. I don't know how I missed it or why I did not receive it. But I have went through the brief. I don't think there is anything special for me to address because I have already addressed all the matters in my reply brief to the other defendants. So basically ICDVP Inc. is arguing almost 80% of their brief is on behalf of other defendants rather than theirs. Their reply in regards to ICDVP is very brief. What they are asking is grant relief for the other defendants. So that's it. You are on. Nothing much. Any questions? No questions. Okay. Thank you, sir. Thank you, Mr. Muhammad. Thank you, Mr. Muhammad, and thank you other athletes for your arguments in this matter this morning. This matter will be taken under advisement and written disposition shall issue. Court will stand in brief recess for panel change.